IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JORDAN GOODWIN,<br>Petitioner,<br>vs.<br>STATE OF NEBRASKA,<br>Respondent. | **8:16CV393**<br><br>**MEMORANDUM AND ORDER[*]** |

This matter is before the court on Petitioner Jordan Goodwin's Petition for Writ of Habeas Corpus ("habeas petition"). (Filing No. 1.) Respondent argues that the habeas petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d). (Filing No. 13; Filing No. 15.) The court agrees and will dismiss the habeas petition with prejudice.

## I. BACKGROUND

On August 11, 2008, in the District Court of Douglas County, Nebraska, a jury found Petitioner guilty of second degree murder and use of a deadly weapon to commit a felony. (Filing No. 14-3 at CM/ECF p. 1.) The state district court sentenced Petitioner to 50 to 50 years for second degree murder and 10 to 10 years for use of a deadly weapon to commit a felony. (*Id*. at CM/ECF pp. 2.)

[*] This opinion contains hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

On November 20, 2009, the Nebraska Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. (Filing No. 14-1 at CM/ECF p. 2.); *State v. Goodwin*, 774 N.W.2d 733 (Neb. 2009).

On August 20, 2012, Petitioner filed a motion for postconviction relief in the state district court. (Filing No. 14-4 at CM/ECF p. 1.) The district court denied postconviction relief without an evidentiary hearing. (*Id*. at CM/ECF pp. 31-38.)

On June 14, 2016, the Nebraska Court of Appeals affirmed the state district court's denial of postconviction relief in a memorandum opinion. (Filing No. 14-2 at CM/ECF p. 3.); *State v. Goodwin*, 2016 WL 3512052 (Neb. App. 2016). On August 2, 2016, the Nebraska Supreme Court denied Petitioner's petition for further review. (*Id*.)

Petitioner filed his habeas petition on August 15, 2016. (Filing No. 1.) Respondent filed a Motion for Summary Judgment, brief in support, and the relevant state court records. (Filing No. 13; Filing No. 14; Filing No. 15.) Petitioner filed a "Motion for evidentrary (sic) hearing" in response. (Filing No. 16.) Respondent notified the court that it did not intend to file a response. (Filing No. 18.) This matter is now fully submitted for disposition.

## II. ANALYSIS

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitation period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing § 2244(d)(2)).

**1. § 2244(d)(1)(A)**

Petitioner did not file his habeas petition within one year of "the date on which [his] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Petitioner's conviction became final on February 18, 2010, which is ninety days after the Nebraska Supreme Court affirmed his convictions and sentences on direct appeal. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires."); *King v. Hobbs, supra* ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1). Thus, Petitioner had until February 18, 2011, to file his habeas petition. He did not file it until August 15, 2016.

Petitioner's filing of his motion for postconviction relief in state district court on August 20, 2012, did not toll the statute of limitations because it had already expired. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Petitioner's habeas petition is untimely under § 2244(d)(1)(A).

**2. § 2244(d)(1)(B)**

In his "Motion for evidentrary (sic) hearing," Petitioner asserts that he could not file his habeas petition during the one-year limitations period because he did not have "an adequate law library or legal help" during that time. (Filing No. 16 at CM/ECF p. 1.) He states that he "made several attempts to file an appeal, but only came to be made aware of the absence of such legal resources." (*Id.*) He claims that "there was no law library suited to accomadate (sic) the needs of such party seeking to file an appeal pro se." (*Id.* at CM/ECF p. 2.) Petitioner claims he was "held in lim-bo (sic)." (*Id.*) The court liberally construes Petitioner's argument to be that a state-created impediment prevented Petitioner from filing a timely habeas petition.

Under § 2244(d)(1)(B), the one-year limitations period is tolled until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Petitioner's conclusory allegations about inadequate legal resources do not establish that Petitioner is entitled to statutory tolling under § 2244(d)(1)(B). *See Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (no statutory tolling under § 2244(d)(1)(B) where prisoner failed "to demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.") (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). In short, Petitioner fails to show that State action *prevented* him from filing a timely habeas petition. Indeed, his allegations

suggest that Petitioner chose not to file it. Petitioner is not entitled to the benefit of § 2244(d)(1)(B).

**B. Equitable Tolling**

The court, alternatively, liberally construes Petitioner's argument to be that he is entitled to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time ." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id.* (internal quotation marks omitted). However, "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Moreover, Petitioner's conclusory allegations do not establish that Petitioner is entitled to equitable tolling, and instead, filing his habeas petition five years after the limitations period expired shows that he failed to pursue his rights diligently.

**III. CERTIFICATE OF APPEALABILITY**

A petitioner cannot appeal an adverse ruling on his or her petition for writ of habeas corpus under § 2254 unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 13) is granted.

2. Petitioner's habeas petition is dismissed with prejudice, and the court will not issue a certificate of appealability in this matter.

3. Petitioner's Motion for Hearing (Filing No. 16) and Motion for Appointment of Counsel (Filing No. 17) are denied as moot.

4. The court will enter a separate judgment in accordance with this order.

Dated this 9th day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge